## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK HARWOOD and ASHLEY HARWOOD, husband and wife,<br><br>PLAINTIFFS,<br><br>vs.<br><br>UPONOR, INC. AND UPONOR NORTH AMERICA, INC.,<br><br>DEFENDANTS. | Civil Action No. __CIV-25-90-GLJ____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

Mark Harwood and Ashley Harwood (the "Plaintiffs"), on behalf of themselves and all persons similarly situated ("the Class"), by and through their attorneys identified below allege as follows:

### INTRODUCTION

1.      The Plaintiffs bring this case for damages and other relief related to injuries resulting from the deterioration and failure of polyethylene tubing ("PEX") that was manufactured and distributed by Defendants Uponor, Inc. and Uponor North America, Inc. (collectively "Uponor" or "Defendants"). The Plaintiffs seek relief for themselves as well as a class of others similarly situated as permitted by Federal Rule of Civil Procedure 23.

### THE PARTIES

2.      Plaintiffs Mark Harwood and Ashley Harwood are citizens of Oklahoma who reside at or near Coweta, Oklahoma.

3.    Defendant Uponor, Inc. is an Illinois corporation with its principal place of business located at 5925 148th Street West, Apple Valley, Minnesota 55124.

4.    Defendant Uponor North America, Inc. is a Delaware corporation with its principal place of business located at 5925 148th Street West, Apple Valley, Minnesota 55124.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this is a class action in which the matter in controversy exceeds $5 million, exclusive of interest and costs, and some members of the Class are citizens of states different than Defendants.

6.    This Court has personal jurisdiction over Defendants because, among other things, Defendants conduct substantial business in Oklahoma, have sufficient minimum contacts in Oklahoma, and intentionally avail themselves of the consumers and markets within Oklahoma through the promotion, advertising, marketing, partnership agreements, supply agreements, sales, and distribution of their products, including Uponor PEX.

7.    Venue is proper in this Court because at all relevant times Plaintiffs resided in or near Coweta, Oklahoma, and pursuant to 28 U.S.C. § 1391(a)(2) a substantial part of the acts giving rise to their claims occurred within Wagoner County, Oklahoma.

## FACTUAL ALLEGATIONS

8.    PEX is a common term used to describe a flexible tubing frequently used in plumbing systems.  During the time relevant to this case, Uponor designed, manufactured, marketed, distributed, and sold Uponor PEX for use in residential water plumbing systems throughout the United States and specifically in Oklahoma.

9.    During the relevant time, Uponor used a unique process and method for applying cross-linked color coatings to its PEX tubing.  Uponor used this method to coat its tubing red or

blue. Through its method, Uponor added the color coatings to its flexible tubing by repeatedly applying a chemical formulation to the tubing and then exposing it to radiation, typically though a heat treatment.

10.     Uponor's heat treatment during the coating process is believed to have damaged the flexible tubing and caused it to prematurely deteriorate and fail, causing water leaks and resulting damage and preventing plumbing systems from functioning as they are intended.

11.     Plaintiffs purchased their home in 2016 and Uponor PEX was a component of the potable water plumbing system at the time Plaintiffs purchased their home.

12.     The Uponor PEX in Plaintiffs' home prematurely degraded, deteriorated, and failed.

13.     Uponor designed, manufactured, marketed, distributed, and sold Uponor PEX for use in water plumbing systems throughout Oklahoma including, but not limited to, Plaintiffs' home, homes and other structures owned by members of the Class, and all other similarly situated homes and structures.

14.     Uponor represented that its PEX products provide the highest quality PEX tubing because the company has many years of industry experience and is an industry leader in the manufacture of PEX tubing and that its unique manufacturing process gave its product "superior characteristics." But in reality, Uponor's process caused its PEC tubing to crack, fail, and cause water leaks.

15.     Uponor has failed to fully or adequately compensate property owners including, but not limited to, the Plaintiffs and members of the Class who have been injured as a result of the defective Uponor PEX. Uponor has also failed to disclose this material information to the Plaintiffs and members of the Class.

16.   Before designing, manufacturing, advertising, distributing, and selling its PEX product, Uponor did not take appropriate steps to ensure its product was safe for its intended use. The Uponor PEX was not suitable for use in plumbing systems because of its potential failure and has caused damage to those plumbing systems and resulting water leaks.

17.   Uponor stopped manufacturing red and blue PEX during 2021 because of the defects with the product. Uponor, however, misrepresented that the product was being "suspended" instead of "discontinued."

18.   The failure of Uponor's PEX product caused water leaks in the Plaintiffs' house and they seek relief for those damages for themselves as well as Class members who have also been damaged through their use of Uponor PEX.  The Plaintiffs have suffered an ascertainable loss as a result of Uponor's acts, omissions, and misrepresentations associated with Uponor PEX, including their misrepresentations and non-disclosures about the product defects and suspending the manufacture, distribution, and sale of the Uponor PEX.  Neither Uponor nor any of its agents, dealers or other representatives informed the Plaintiffs about their acts, omissions, or misrepresentations related to defects in Uponor's PEX product.

19.   The Plaintiffs seek relief to remedy Defendants' strict products liability violations, breaches of implied warranty, and violations of the Oklahoma Consumer Protection Act.

## STATUTE OF LIMITATIONS TOLLING

20.   Uponor knowingly and actively concealed and failed to disclose relevant information to Plaintiffs and members of the Class related to the defective nature of Uponor PEX.  Uponor also engaged in a scheme to cover up evidence of premature deterioration and failure of Uponor PEX.

21.    Because the defects in Uponor PEX are latent, Plaintiffs and members of the Class could not have reasonably discovered the true nature of the defects until shortly before the filing of this Complaint.  Any applicable statute of limitations was therefore tolled by Uponor's knowing and active concealment and denial of the facts alleged herein.

## CLASS ACTION ALLEGATIONS

22.    The Plaintiffs ask the Court to certify this case as a class action under FED. R. CIV. P. 23(a), 23(b)(2) or 23(b)(3) and identify a class of owners of homes and other structures in Oklahoma with Uponor PEX (the "Class"). Specifically, the Class consists of: All persons or entities who own homes or other structures in Oklahoma with Uponor PEX used as the lines and components of a potable water plumbing system.

23.    Certification of the Class is appropriate here because there is a well-defined community of interest in the litigation, members of the proposed Class are numerous and ascertainable, and the common questions of law and fact predominate over any questions affecting solely individual members.

24.    The members of the Class are so numerous that joinder of all members is impracticable. Although the exact number of class members is currently unknown, Plaintiffs are informed and believe and thereon allege that the proposed Class contains several hundred individuals and entities who own homes or other structures in Oklahoma with Uponor PEX. The disposition of the Class members' rights with respect to the alleged defects, as described in this Complaint, is a benefit to all parties and to the Court.  Further, the Plaintiffs' claims are typical of those possessed by the Class and questions of law and fact common to all Class members predominate over purely individual ones.

25.     The Plaintiffs are adequate representatives of the Class and have no interests adverse to its members.  The Plaintiffs have also retained attorneys who have substantial experience and success in the prosecution of class action litigation.

26.     Class certification here is superior to other available means of fair and efficient adjudication of this controversy. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The disposition of their claims in this case and as part of a single class action lawsuit, rather than hundreds, perhaps thousands, of individual lawsuits, will benefit the parties and greatly reduce the aggregate judicial resources that would be spent if this matter were adjudicated through individual suits.  Furthermore, given the potential for extraordinary expenses and burdens in conducting the discovery and presentation of evidence regarding the inherent defects in Uponor PEX, the burden of individual litigation would make it extremely difficult, if not impossible, for individual members of the class to redress the wrongs asserted herein, while an important public interest will be served by addressing the matter as a class action. Moreover, separate prosecution by hundreds of individual members of the Class would likely establish inconsistent standards of conduct for the Defendants and result in the impairment of and potential harm to the Class members' rights and the disposition of their interests through actions to which they were not parties.

27.     The Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.  They have adequately and objectively defined the class so the Court will be able to use the class definition to determine class membership.  Uponor's records, as well as public records searches, will reveal the identities

of class members. A brief inspection will show which homes and other structures have lines and components of the potable water plumbing system with Uponor PEX. The class is therefore ascertainable.

28.    Additionally, Uponor has acted, and refused to act, on grounds generally applicable to the Class, thereby making final relief appropriate with respect to the Class as a whole.

## COUNT I
## STRICT PRODUCT LIABILITY

29.    The Plaintiffs repeat and re-allege all prior and subsequent paragraphs and incorporates them as if repeated in full herein.

30.    At all times material to this action, Uponor was in the process of designing, engineering, developing, testing, approving, manufacturing, fabricating, equipping, inspecting, repairing, labeling, advertising, promoting, marketing, distributing, selling and supplying Uponor PEX throughout the United States, specifically including Oklahoma.

31.    At the time the Uponor PEX left Uponor's control, it was defective in design and manufacture and unreasonably dangerous to Plaintiffs and the members of the Class who might reasonably be expected to use it in the plumbing systems in their homes and other structures. These defects include, but are not limited to, the conditions described in this Complaint.

32.    Uponor expected its PEX to reach, and did reach, homeowners and end users without substantial change in the condition in which it was placed on the market and expected to be installed in homes and other structures.

33.    The Plaintiffs and the members of the Class are persons and entities who have Uponor PEX as a water plumbing system installed in their homes and other structures.

34.    Defects in the Uponor PEX were a direct and proximate cause of damages suffered by Plaintiffs and the members of the Class.

*Original Complaint, page 7*

35. Uponor is therefore strictly liable to the Plaintiffs and the Class for the damages caused by the defects and inadequacies in the design and production of Uponor PEX.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

36. The Plaintiffs repeat and re-allege all prior and subsequent paragraphs and incorporates them as if repeated in full herein.

37. At all relevant times herein, Uponor manufactured and supplied Uponor PEX and impliedly warranted that Uponor PEX was of merchantable quality and fit for the ordinary use for which it was intended.

38. The Uponor PEX was unfit for its intended use and was not of merchantable quality because of the defects in the Uponor PEX alleged herein.

39. Uponor breached its implied warranty of merchantability because the Uponor PEX was not of a merchantable quality due to the defects the Plaintiffs allege in this Complaint. As a direct and proximate result of Uponor's breach of said implied warranties, the Plaintiffs and the members of the Class have suffered, and will continue to suffer, damages.

## COUNT III
## OKLAHOMA CONSUMER PROTECTION ACT
### 15 O.S. § 571, *et seq.*

40. The Plaintiffs repeat and re-allege all prior and subsequent paragraphs and incorporates them as if repeated in full herein.

41. The members of the Class, as alleged herein, are natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, or other legal entities constituting "Persons" under the Oklahoma Consumer Protection Act ( the "OCPA").

42. The advertising, offering for sale or purchase, sale, purchase, or distribution of Uponor PEX to members of the Class, as alleged herein, constitute a "consumer transaction"

under the OCPA.

43.     Uponor's consumer transactions with the members of the Class, as alleged herein, contain misrepresentations, omissions or other practices that have deceived or could reasonably be expected to have deceived or misled the members of the Class to their detriment, whether the practice occurred before, during or after the consumer transaction was entered into and whether such misrepresentations, omissions, or other practices were written or oral. Uponor's practices therefore constituted "deceptive trade practices" under the OCPA.

44.     Uponor's consumer transactions with the members of the Class, as alleged herein, offend established public policy or were immoral, unethical, oppressive, unscrupulous, or substantially injurious to members of the Class. Uponor's practices therefore constituted "unfair trade practices" under the OCPA.

45.     Uponor's acts and omissions as alleged herein caused Plaintiffs' and the putative Class members' damages, including, but not limited to, damage, both past and future, to Plaintiffs' and the putative Class members' homes and other structures, businesses and personal property; the cost of repairing or replacing pipes, tubing, and fittings; the cost of repairing water leaks and defective pipes and remediating any resulting damages to their homes and structures; the cost to remediate, restore, repair, or replace personal and real property damaged by the defective Uponor PEX; and the past and present loss of value to the Plaintiffs' and putative Class members' real and personal property by reason of their being damaged by Uponor PEX, whether or not repaired or remediated.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs request, on behalf of themselves and members of the Class, that this Court:

i. determine that the claims alleged herein may be maintained as a class action under Rule 23(a), (b)(2), or (b)(3) of the Federal Rules of Civil Procedure, and under Oklahoma law, and issue an order certifying the Class as defined above and designating Plaintiffs' counsel as counsel for the Class;

ii. award all actual general, special, incidental, statutory, treble, or other multiple, punitive, and consequential damages to which Plaintiffs and the members of the Class are entitled;

iii. award pre-judgment and post-judgment interest on such monetary relief;

iv. award all costs of suit, forensic investigation and analysis costs, fees of experts, including engineering and construction experts;

v. for attorney fees and costs as provided for by any applicable statute or law; and,

vi. grant such further and other relief that this Court deems appropriate. This relief may include, without limitation, any remediation, inspection, notice, or other necessary steps to be undertaken with respect to putative class members with Uponor PEX on which the defect has not yet manifested.

## JURY DEMAND

The Plaintiffs, on behalf of themselves and the putative Class members, demand a trial by jury on all issues so triable.

*Original Complaint, page 10*

Dated:  March 24, 2025

Respectfully submitted,

James C. Hodges
Oklahoma Bar No. 4254
JHodges@HodgesLC.com
JAMES C. HODGES, PC
2626 East 21st Street, Suite 6
Tulsa, Oklahoma 74114
Telephone: (918) 779-7078

*Counsel for Plaintiffs*